Davis *v.* Curtis.

Judgment affirmed.

*John P. Cook*, for plaintiff in error.

*Wilson* and *Smith*, for defendants.

——•••——

## DAVIS *v.* CURTIS.

Where a case is taken to the district court by *certiorari*, and the judgment of the justice is reversed, it is error to order a trial *de novo* in the district court.

*Error to Jackson District Court.*

*Opinion by* WILLIAMS, C. J. This suit was commenced before a justice of the peace in Jackson county, by the

(a) Ante 427.

plaintiff Curtis on an account in assumpsit, against Davis. Judgment was entered by the justice in favor of the plaintiff for fifteen dollars and fifty cents with interest and costs, on the 20th of June, 1849. On the seventh of July of the same year, Davis the defendant sued out a *certiorari* under the provision of the statute, whereupon the cause was removed to the district court, and heard at May term 1850. The judgment of the justice was there reversed, and an order for a new trial in the district court, and the cause was continued for that purpose. The defendant Davis took exception to the action of the court, by which a new trial in the district court was ordered.

The only question for decision here is whether, in a proceeding under the certiorari law of this state, the district court can upon the reversal of the judgment of a justice of the peace, order the cause to a new trial before itself.

The act of the legislature regulating the writ of *certiorari*, passed February 9th, 1844, authorizes "any person who shall conceive himself injured by error in any process, proceeding, judgment or order, given by any justice of the peace may remove such judgment to the district court for the same county, at any time within twenty days from the rendition of such judgment," by *certiorari*.

The 2d section requires the applicant for the writ, his agent, or attorney to file in the office of the clerk of the district court for the proper county, an affidavit stating, that in his belief, there is error in such judgment, (setting forth the ground of error alleged,) that the application is made in good faith, and requires him to make and execute a bond, with one or more sufficient sureties, to the opposite party, to be approved by the clerk, &c." It is made the duty of the clerk, thereupon "to issue a writ of *certiorari*, commanding the justice who rendered such judgment to make return to the district court, of his proceedings as to all the facts contained in such affidavit."

The 3d section provides, that "on the service of writ of *certiorari* to *reverse* a judgment as aforesaid it shall be the duty of the party serving the same, to deliver at the

same time, to the justice a copy of the affidavit on which the *certiorari* was procured, &c. and the justice is required to file his return with the clerk of the district court within five days after the service of the writ."

The 5th section is as follows : " The district court shall after hearing the case give judgment, as the right of the matter may appear, without regarding technical omissions, imperfections, or defects, in the proceedings before the justice, which did not affect the merits ; and may affirm or reverse the judgment in whole or in part, and may issue execution as upon other judgments rendered before said court." *Rev. Stat.* Art. 9, p. 336.

We have set forth the substance of the enactment, on the subject of *certiorari*, so far as the same can be considered as affecting the question before us.   As some diversity of opinion, in relation to the powers and duties of the district court, in its procedure under this law, has hitherto existed, we will endeavor to establish the practice, by giving it a construction which will operate in consistency with jurisprudence and the design of the legislature.

The justices act, Art. 8, in relation to " appeals, and proceedings thereon in the district court" provides that "any person aggrieved by any judgment or decision of a justice of the peace, may, in person, or by his agent make his appeal therefrom to the district court of the same county where the judgment was rendered, or the decision made." *Rev. Stat.* p. 333.

This act requires the appeal to be made within twenty days after the decision.   The 7th section, clearly contemplates and provides for a full trial *de novo* in the district court upon the merits.   It is as follows : "Upon the return of the justice being filed in the clerk's office the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error defect or other imperfection in the proceedings of the justice."

Here then, the legislature have in the most ample pro-

72

vision by appeal, afforded to a party who may be aggriev-
ed by the judgment of a justice, an opportunity for re-
dress, in the district court, by a trial anew on the merits
of his case. This provision, and that for the writ of *cer-
tiorari*, stand as articles eight and nine of the same act.
The article on appeals precedes the other in the arrange-
ment of the law. Being each a part of the same act, it
can hardly be presumed that two separate provisions
would thus be made to have the same effect, and for the
same purpose. Reason we think, dictates that each was
intended for a distinct purpose, in order to different pro-
cedure, and judgment in the district court. The provi-
sions of the *certiorari* law forbid the conclusion that it
was intended to operate as an appeal, on the merits to be
tried *de novo* in the district court. If such were the in-
tention of the legislature, why not provide for the hear-
ing, of the testimony of the case, at the first term; to
which the writ is made returnable and thus supersede the
necessity of the delay, by a continuance of the cause to
another term of the court in case of a reversal, as in the
case at bar. These considerations with others on the
score of great inconvenience, and vexation, to the parties,
as well as the public tend strongly to negative the idea
that this proceeding should operate, so, as to try the right
of the matter, in controversy between the parties, as upon
appeal. But, strong as these considerations may be, we
are not under the necessity of relying upon them alone
for a construction of this enactment, as to the powers and
duties of the district court under it. We think, the 5th
section above quoted, is sufficiently explicit in prescribing
the mode of procedure for the district court. After hear-
ing the *case* the court is required to give judgment *as the
right of the matter* may appear, without regarding tech-
nical omissions, imperfections or defects in the proceed-
ings before the justice, *which did not* affect the merits, and
may *affirm or reverse* the judgment in whole or in part."
What is the case upon hearing by this writ? Clear-
ly that which is prescribed, only by the transcript of the

Davis *v.* Curtis.

justice, and return made in response to the allegations of error, as contained in the affidavit filed.

The *matter*, *the right* of which, is to dictate the judgment of the court, is that of the *case* as made up by the return of the justice, as certified by him. The writ of *certiorari* is expressly given, only to correct the "process, proceedings, judgment or orders" of justices of the peace. Then they can only be the legal and conclusive acts of the justice, arising from the facts of the case as considered by him, and which appear in his certified return, that constitute the case, as it is in the district court. This is the case, the *merits* of which, as to the *right of the matter* there presented for legal adjudication, are not to be prejudiced, or fatally affected, by "technical omissions, imperfections or defects of proceeding before the justice." The terms used in the statute, with sufficient perspicuity, designate only a proceeding by the district court in order to revise and correct in a legal manner, the "process, proceedings, judgments or orders" of justices of the peace. The proceeding by appeal introduces the case to the district court on its merits, to be tried *de novo*, in law and in fact. The proceeding by *certiorari* takes the case up to be revised and re-adjudicated *as to the right* in matter of law only.

The order of the district court reversing the judgment of the justice is, under the statute, well enough. But by ordering that a new trial should be had in that court, and continuing the cause for trial there, we think the court transcended its powers and therefore erred. The 5th section of the *certiorari* law, expressly directs "that after hearing the case, &c.," the court "may affirm or reverse the judgment in whole or in part." Here the duty of the court is plainly defined. This done, all proceeding on trial in virtue of that writ, was at an end. Being a proceeding created by statute, giving jurisdiction to that court for special purposes, so soon as the force and effect of the provisions thereof had been accomplished, by the judgment of reversal, no further power remained with the court, but that of issuing an execution, "as upon other judgments

rendered before said court." There are but two ways, in which the district court as constituted, can become possessed of a case, so as to exercise thorough jurisdictional power to try and determine causes to final judgment, on the whole merits, in law and fact, in the same hearing. The one is where the proceeding appertains to its original jurisdiction, and the other is by appeal from an inferior tribunal. Without express statutory provisions to that effect, the court could not assume the jurisdiction to force the parties to a *certiorari* proceeding into a trial, in the nature of an appeal, in its own forum. The case was there to be disposed of in compliance with the statute providing for writs of *certiorari*. When so disposed of, the parties were left to such further procedure in the matter, as they might elect under the law.

It has been urged, that in this view of the *certiorari* law, there is difficulty, because it provides that the judgment of the justice may be reversed" in whole or in part, and that in that event, a proceeding *de novo*, or by *procedendo* before the justice, would be embarrassed and perhaps impracticable. To this, we answer, that the same objection is alike applicable to the hearing anew in the district court. But such a case could not well occur, except where the part quashed or reversed, is independent of, and unconnected with that affirmed. *Commonwealth* v. *Carpenter*, 3 Mass. 268; *Same* v. *Blue Hill Turnpike*, 5 *ib*. 420; *Same* v. *Derby*, 13 *ib*. 433; *Same* v. *West Boston Bridge*, 13 Pick. 195; *Nicholl* v. *Patterson*, 4 Ham. 200; *Williams* v. *Sherman*, 15 John. 195; *Bunson* v. *Mann*, 13 John. 461. In some of the states, Tennessee, North Carolina, and Alabama, where by statute a *certiorari* is considered in the nature of a substitute for an appeal, the party may have a right to a new trial in the court above, both as to the law and the facts. However in New York, where the statute providing for this writ is in the main similar to ours, it has been decided that the court has no power to remand proceedings in civil cases, but must reverse them *in toto*, if erroneous; and that new pro-

ceedings must be commenced in the inferior tribunal. 10 Wend. 167. In the statute of this state, the power of the revising court, as well as the mode of procedure is clearly designated. The matter of right in law and fact of the case to be tried, consists in the certified return of the justice, and not the whole of the testimony adduced on the trial before him. By it, the judgment of the court is also expressly dictated; which is to "affirm or reverse in whole or in part." This done, the power to issue execution remains to be exercised, that the legitimate effect of the judgment may be attained. The statute itself, creates the power, prescribes the mode of its exercise, and its extent. It is the duty of the court to expound the law, when made by the legislature, without assuming to aid in legislating. If the law, as it is found to exist, be productive of inconvenience to parties litigant, the difficulty can only be remedied by an appeal to the legislative power. If, however, it be an inconvenience for the plaintiff to be left for the ascertainment and recovery of his rights upon reversal of his judgment, to his action before the justice anew, he is not remediless; and is only made to suffer the consequences of a due administration of the law. We will only add, that such is the effect of the proceeding by *certiorari* in many of the states, in like cases.

So much of the order of the court as directs this cause to be tried anew in the district court is reversed, and the residue of the judgment affirmed.

*Wilson & Smith*, for plaintiff in error.

*P. B. Bradley*, for defendant.